**Yeshewaget Getachew HAILE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70876.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 12, 2008.*

Filed Dec. 16, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See Fed.*

---

Curtis F. Pierce, Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioner.

Thomas M. Bondy, Charles W. Scarborough, DOJ–U.S. Department of Justice, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

R.App. P. 34(a)(2).

Before: SILVERMAN and BEA, Circuit Judges, and CONLON,** District Judge.

MEMORANDUM ***

Yeshewaget Getachew Haile, a citizen and native of Ethiopia and of Eritrean descent, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny Haile's petition for review.

Where the BIA affirms without opinion an IJ's decision, we review the IJ's decision as if it were the decision of the BIA. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184 (9th Cir.2006). We review the agency's factual findings for substantial evidence. *See id.* at 1184–85. For instance, the agency's determination that an applicant is not eligible for asylum "can be reversed only if the evidence presented by [the applicant] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "When the BIA finds past persecution but no well-founded fear of future persecution, we review its denial of humanitarian asylum for an abuse of discretion." *Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000).

The IJ found Haile credible and that she suffered past persecution on account of her Eritrean heritage, but determined that she did not have a well-founded fear of future persecution. Substantial evidence supports the IJ's finding that Haile does not have a well-founded fear of persecution because she did not seek asylum during the five year period she lived in Thailand, she voluntarily returned to Ethiopia for two months in 2001, without incident, and left her son there, and State Department reports on Ethiopia indicate somewhat improved conditions for Eritreans. *See Sowe v. Mukasey,* 538 F.3d 1281, 1286 (9th Cir. 2008); *Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000).

The IJ did not abuse his discretion in denying Haile humanitarian asylum because her past persecution was not "atrocious." *Vongsakdy v. INS,* 171 F.3d 1203, 1205 (9th Cir.1999); *see also* 8 C.F.R. § 1208.13(b)(1)(iii).

Because Haile failed to satisfy the lower standard of proof for asylum, she necessarily failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, substantial evidence supports the IJ's finding that Haile did not qualify for CAT protection because the record does not indicate that Haile will more likely than not suffer torture if returned to Ethiopia. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**

** The Honorable Suzanne B. Conlon, United States District Court for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.